# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-10109-STA |
| | ) | |
| DANA McFALL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S REQUEST FOR JAIL CREDITS

Defendant in this matter has sent a letter (DE #19), requesting that the Court assist her in "getting her time." The Court will construe Defendant's letter as a Motion for Jail Credit.

Defendant has not cited any rule of the Federal Rules of Criminal Procedure or any other source of authority for the relief she seeks. The commencement and calculation of the term of incarceration of a federal prisoner, including any award of credits, is controlled by 18 U.S.C. § 3585, which states as follows:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

>(1) as a result of the offense for which the sentence was imposed; or(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.[1]

1

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). The determination of whether a defendant is entitled to credit under § 3585 for time served is reserved for the Attorney General of the United States and the Bureau of Prisons.[2] Defendant is required to exhaust her administrative remedies through the BOP before she may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. §§ 542.10–542.16 (1997), and, when she has exhausted all administrative remedies, she may then seek judicial relief pursuant to 28 U.S.C. § 2241.[3]

Defendant has not shown that she has pursued her administrative remedies with the BOP as required. Furthermore, even if Defendant had exhausted her administrative remedies, Defendant has not pursued judicial review in the form of a petition for habeas corpus relief under 28 U.S.C. § 2241.

---

[1] 18 U.S.C. § 3585.

[2] *United States v. Wilson,* 503 U.S. 329, 333 (1992); *see also United States v. Lytle*, No. 13-5769, 2014 WL 1687857 (6th Cir. Apr. 29, 2014) (citing *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)).

[3] *Wilson,* 503 U.S. at 333.

Therefore, Defendant's Motion is **DENIED** without prejudice to her right to submit a petition pursuant to 28 U.S.C. § 2241 once she has exhausted her administrative remedies.

    **IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date: July 27, 2022